### In re COULTER.

(District Court, W. D. Pennsylvania. March, 1913.)

BANKRUPTCY (§ 363*)—DIVIDENDS—DECLARATION—CLAIMS PROVED AFTER DECLARATION.

Though Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3444), providing that claims shall not be proved against an estate subsequent to a year after the adjudication, by implication allows proof of a claim within a year, yet section 65b, as amended by Act Feb. 5, 1903, c. 487, § 15, 32 Stat. 800 (U. S. Comp St. Supp. 1911, p. 1508), providing, in case of a certain state of the funds, for declaration of the first dividend within 30 days after the adjudication, and for subsequent declarations of dividends, "provided that the final dividend shall not be declared within three months after the first dividend shall be declared," by implication allows the final dividend to be declared at any time after four months from the adjudication, with the effect that one thereafter, though within the year, proving his claim, is barred from participation in the distribution; section 65c providing that the rights of creditors who have received dividends, or in whose favor final dividends have been declared, shall not be affected by proof and allowance of claims subsequent to such payment or declaration.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 550–554; Dec. Dig. § 363.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of one Coulter, a bankrupt. On review of order of referee refusing petition of creditors. Affirmed.

George L. Roberts, of Pittsburgh, Pa., and White, Johnson & Cannon, of Cleveland, Ohio, for petitioning creditors.

Roberts & Mason, of Erie, Pa., for trustee.

YOUNG, District Judge. In this case the bankrupt was adjudged a bankrupt July 4, 1912, on his own petition. On August 19, 1912, the first dividend of 30 per cent. was declared. On December 12, 1912, final hearing was held, and a dividend of 30 per cent. was declared on such claims as had been allowed subsequent to the first dividend of that amount, and a final dividend of 29.4 per cent. was declared on all claims. Before this dividend was paid, to wit, on December 19, 1912, the W. Bingham Company filed proof of their claim for $877.32, and on January 16, 1913, the Oil Well Supply Company filed proof of its claim for $59.87. On January 20, 1913, these two creditors petitioned the referee to set aside the decree of distribution made on December 12, 1912, and to order a new distribution allowing petitioners' claims to participate, and this the referee refused on January 25, 1913, and exceptions were filed by the petitioners and the cause was certified to this court on February 4, 1913.

Section 57n of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3444]) provides that:

"Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication."

This by implication permits the creditor to prove his claim within one year; but section 65b, as amended by Act Feb. 5, 1903, c. 487, § 15, 32 Stat. 800 (U. S. Comp. St. Supp. 1911, p. 1508) provides that:

"The first dividend shall be declared within thirty days after the adjudication, if the money of the estate in excess of the amount necessary to pay the debts which have priority and such claims as have not been, but probably will be, allowed equals five per centum or more of such allowed claims. Dividends subsequent to the first shall be declared upon like terms as the first and as often as the amount shall equal ten per centum or more and upon closing the estate. Dividends may be declared oftener and in smaller proportions if the judge shall so order: Provided, that the first dividend shall not include more than fifty per centum of the money of the estate in excess of the amount necessary to pay the debts which have priority and such claims as probably will be allowed: and provided, further, that the final dividend shall not be declared within three months after the first dividend shall be declared."

This, in our opinion, by necessary implication authorizes the final closing of the estate and the declaration of the final dividend at any time after four months from the adjudication. It becomes our duty to reconcile, if possible, these apparently contradictory requirements of the act. How shall the right of the creditor to prove his claim within one year be reconciled with the deprivation of that right which necessarily follows from the distribution of the fund in less than a year, namely, after four months? We have no doubt the final dividend may be declared within four months after adjudication, and if

the creditor has not proved his claim before the declaration of that dividend, he cannot participate, as it is provided by section 65c that:

"The rights of creditors who have received dividends, or in whose favor final dividends have been declared, shall not be affected by the proof and allowance of claims subsequent to the date of such payment or declaration of dividends; but the creditors proving and securing the allowance of such claims shall be paid dividends equal in amount to those already received by the other creditors if the estate equals so much before such other creditors are paid any further dividends."

Here it is clearly expressed in the act that the creditor who postpones proving his claim takes the risk of losing it by the declaration of a dividend. If he has not proved it before the dividend is declared, he may still prove it within a year; but he can take nothing by it, because his taking his share of the distribution would affect the rights of the creditors in whose favor the dividends have been declared, and this the act in clear terms prohibits.

The language of section 57n is not that he has a year within which to prove his claim, but that claims shall not be proved against a bankrupt estate subsequent to one year. It cuts up his claim by the roots, and after a year deprives him of his remedy, but within the year permits the proving of the claim, allows the remedy, but deprives him of a share in the estate, if that participation affects a creditor in whose favor the dividend has been declared. Under section 65c the creditor has a vested right in the dividend as soon as declared, which cannot be affected. The court cannot interfere with this clear statutory right. It is given by the act in precise terms, and it cannot be legislated out by judicial decision.

We are therefore of the opinion that the action of the referee in refusing to set aside the declaration of the final dividend and permit the petitioners to participate in that distribution was proper, and we must therefore affirm his finding in that respect. And now, March 19, 1913, the order of the referee in bankruptcy in refusing the petition of the W. Bingham Company and the Oil Well Supply Company to set aside the order of distribution of December 12, 1912, and to permit said creditors to participate in the distribution, is affirmed.